**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4456

MICHAEL CROWDER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-4-V)

Submitted: May 12, 1998

Decided: July 28, 1998

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Bruce Park, GOODMAN, CARR, NIXON, LAUGHRUN &
LEVINE, P.A., Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Frank D. Whitney, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Michael Crowder was convicted pursuant to his guilty plea of one count of possession with intent to distribute cocaine base and aiding and abetting in the same in violation of 21 U.S.C. § 841 (1994). Crowder's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the Government should have made a motion for downward departure pursuant to USSG § 5K1.1* based on Crowder's alleged substantial assistance. Finding no error, we affirm.

After his arrest, Crowder signed a plea agreement and cooperated with the Government. The agreement provided that the Government, in its sole discretion, could move for a downward departure if it determined that Crowder substantially assisted in its investigation. In addition, Crowder agreed that if he violated any federal, state, or local law or any condition of his pre-trial release, the Government was relieved of any obligations under the agreement. Crowder tested positive for marijuana four separate times and was arrested for speeding, driving without a license, and assaulting a deputy while on pre-trial release. At sentencing, the Government stated that Crowder's assistance was not substantial because his misconduct had a negative effect on his credibility and rendered him ineffective as a witness. Accordingly, the Government did not move for a downward departure.

We find that Crowder's appeal fails for three reasons. First, Crowder expressly waived his right to appeal his conviction and sentence in the plea agreement, except for claims of ineffective assistance of counsel or prosecutorial misconduct. Crowder does not raise either of these issues, and our review of the record does not disclose any basis for such claims. In addition, the record clearly shows that Crowder breached the terms of the plea agreement when he tested positive for marijuana use and was arrested by local authorities. This discharged the Government from any obligation to file a motion for downward departure. Finally, even if there were no waiver or breach, the agree-

_____

*U.S. Sentencing Guidelines Manual (1995).

2

ment expressly stated that the Government had the option of whether or not to make a § 5K1.1 motion. Since the Government did not base its decision on unconstitutional reasons, the district court lacked the authority to force the Government to make such a motion or to depart downward sua sponte. See Wade v. United States, 504 U.S. 181, 185 (1992); United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995).

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Crowder's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3